# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **THOMAS L. MUSSELMAN** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CIVIL ACTION NO. 1:09CV34-LG-RHW** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **and JOHN DOES 1-10** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING
## ALLSTATE'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [21] filed by Allstate Insurance Company. Allstate argues that this lawsuit must be dismissed because a timely proof of loss was not submitted in support of Thomas L. Musselman's flood claim. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion for Summary Judgment should be granted.

### FACTS

Thomas L. Musselman, is a licensed and practicing attorney, who is representing himself in this lawsuit. After his Ocean Springs home was damaged by Hurricane Katrina, he filed a claim pursuant to the Standard Flood Insurance Policy insuring his home. The policy, which was issued by Allstate as a Write-Your-Own Program carrier, provided up to $150,000 in coverage for building damage, and up to $60,000 in coverage for damage to contents.

After the storm, Allstate inspected the damage to Musselman's home, and he was paid $49,159.77 for damage to its contents and $89,425.98 for building damage on December 19, 2005. (Ex. 4 to Allstate's Mot.) Musselman later submitted additional information regarding the damaged contents, and he was paid an additional $10,840.23 on June 30, 2006. (Ex. 2 to Allstate's Mot. at 12; Ex. 5 to Allstate's Mot.)

The policy required Musselman to submit a proof of loss within sixty days of the date of the loss, but he did not do so. (Ex. 7 to Allstate's Mot.) In August of 2008, Musselman filed this lawsuit against Allstate, seeking additional coverage for the damage to his home. Allstate has filed the present Motion for Summary Judgment, seeking dismissal of his claims due to his failure to provide a proof of loss.

## DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, any party to a civil action may move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Celotex Corp.*, 477 U.S. at 324-25.

The National Flood Insurance Program was created to provide insurance coverage at or below actuarial rates. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). Flood insurance policies can be issued by FEMA or through private insurers, like Allstate, who are referred to as "Write-Your-Own Program carriers." *Gowland*, 143 F.3d at 953. Write-Your-Own carriers have been declared fiscal agents of the United States by statute. 42 U.S.C. § 4071(a)(1).

Flood policies must be issued in the form of a Standard Flood Insurance Policy (SFIP), and no provision of the policy can be waived or altered without the express written consent of FEMA's Federal Insurance Administrator. 44 C.F.R. Pt. 61, App. A(2), Art. VII(D). An insured cannot file a lawsuit seeking additional benefits under an SFIP unless the insured can show that

he complied with all policy requirements, including the submission of a sworn proof of loss. 44 C.F.R. Pt. 61, App. (A)(1), Art. VII(R); 44 C.F.R. Pt. 61, App. A(2), Art. VII(J). After Hurricane Katrina, the Acting Federal Insurance Administrator issued a waiver of the 60-day proof of loss deadline and imposed a mandatory one-year deadline for contested claims. *Marseilles Homeowners Condo. Ass'n v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008).

In the present case, Musselman does not dispute that he failed to provide a sworn proof of loss. He contends that Allstate waived the requirement of a sworn proof of loss, because Allstate paid the additional portion of his contents claim without a sworn proof of loss but failed to pay the additional portion of the structural claim that was submitted at the same time. However, as explained previously, Allstate did not have the authority to waive the proof of loss requirement. The policy provisions could only be waived or altered by the Federal Insurance Administrator.

Musselman also argues, in a supplemental response, that the Flood Insurance Claims Handbook demonstrates that he could rely on Allstate adjusters to inform him that a proof of loss was required. However, the handbook does not require Write-Your-Own carriers to notify the insured of the proof of loss requirement. It merely describes certain procedures that an insured should follow if he finds additional damage or wishes to appeal the claim. In addition, all persons are charged with knowledge of published federal laws, including those pertaining to federal insurance programs. *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947). "Furthermore, citizens seeking to benefit from a federal benefit program are charged with the responsibility of familiarizing themselves with the requirements of that program and 'may not rely on the conduct of government agents contrary to the law.'" *Larmann v. State Farm Ins. Co.*, 2005 WL 357191 at *2 (E.D. La. 2005) (quoting *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63 (1984)). Therefore, Musselman is charged with knowledge of the

requirements of the SFIP.  Finally, to the extent that Musselman is claiming estoppel as a result of the actions or inaction of Allstate, the Fifth Circuit has previously held that an insured cannot assert estoppel when seeking public finds.  *Marseilles*, 542 F.3d at 1056.  Since the submission of a sworn proof of loss by August 29, 2006, was a condition precedent to filing a lawsuit, Musselman's claims against Allstate must be dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [21] filed by Allstate Insurance Company is **GRANTED**.  Musselman's claims against Allstate are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 24th day of November, 2009.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE